1  **SCHEPER KIM & HARRIS LLP**
   WILLIAM H. FORMAN (State Bar No. 150477)
2  wforman@scheperkim.com
   AARON C. O'DELL (State Bar No. 281851)
3  aodell@scheperkim.com
   800 West Sixth Street, 18th Floor
4  Los Angeles, California 90017-2701
   Telephone:   (213) 613-4655
5  Facsimile:   (213) 613-4656

6  Attorneys for Defendants Boy Scouts of
   America and Boy Scouts of America,
7  California Inland Empire Council

8              **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

11 | JOHN DOE 1, a minor, individually    CASE NO.
   | and by and through his Guardian Ad
12 | Litem, D.H.,                         **NOTICE OF REMOVAL**

13 |            Plaintiff,

14 |      v.

15 | BOY SCOUTS OF AMERICA; BOY
   | SCOUTS OF AMERICA,
16 | CALIFORNIA INLAND EMPIRE
   | COUNCIL, and DOES 1 through 100,
17
   |            Defendants.
18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF REMOVAL

2    Defendant Boy Scouts of America (the "BSA"), a non-profit corporation, by

3 and through its undersigned counsel, hereby removes the above-captioned civil

4 action (the "Action"), and all claims and causes of action therein, from the Superior

5 Court of the State of California, County of Los Angeles to the United States District

6 Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C.

7 §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure

8 (the "Bankruptcy Rules"),  In support of this Notice of Removal, the BSA

9 respectfully states as follows:

10

## BACKGROUND

11    1.    The BSA is a non-profit corporation founded in 1910 and chartered by

12 an act of Congress in 1916.  The BSA is one of the largest youth organizations in the

13 United States and one of the largest Scouting organizations in the world, with

14 approximately 2.2 million registered youth participants and approximately 800,000

15 adult volunteers as of December 2019.  The BSA's mission is to train youth in

16 responsible citizenship, character development, and self-reliance through

17 participation in a wide range of outdoor activities, educational programs, and, at

18 older age levels, career-oriented programs in partnership with community

19 organizations.

20    2.    On December 19, 2019, Plaintiff commenced the Action by filing a

21 complaint (the "Complaint") in the Superior Court of the State of California for the

22 County of San Bernardino (the "State Court") against the Defendants.  In the

23 Complaint, Plaintiff alleges, among other things, that the BSA is liable in

24 connection with certain personal injury tort claims stemming from abuse suffered by

25 Plaintiff.  The Action is one of approximately 274 similar civil actions currently

26 pending in state and federal courts across the country that assert personal injury tort

27 claims against the BSA and various non-debtor co-defendants arising from the abuse

28 of a former youth or adult member of the BSA either by an adult scouting leader, an

adult volunteer, or by another youth member (such cases and claims together, the "Pending Abuse Actions").[1]

3.     On February 18, 2020, the BSA and Delaware BSA, LLC, an affiliated non-profit corporation, each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). The chapter 11 cases are being jointly administered under the caption *In re: Boy Scouts of America and Delaware BSA, LLC*, Case No. 20-10342 (collectively, the "Chapter 11 Cases").

4.     In connection with the filing of this Notice of Removal, the BSA is filing its Motion to Transfer Venue (the "Nationwide Transfer Motion") pursuant to 28 U.S.C §§ 157(b)(5) and 1334(b), in the United States District Court for the District of Delaware (the "Delaware District Court").  The Nationwide Transfer Motion seeks to consolidate the Pending Abuse Actions into the Delaware District Court.

5.     Pursuant to section 157(b)(5), the Delaware District Court has the exclusive authority to fix venue of personal injury tort claims, including the Pending Abuse Actions, that are related to the Chapter 11 Cases. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending*." (emphasis added)); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986) ("Section 157(b)(5) . . . expressly confers on the district court sitting in bankruptcy and having jurisdiction of the bankruptcy proceedings the power to fix the venue of any tort case against the

---

[1] A complete list of the Pending Abuse Actions that are sought to be transferred pursuant to the Nationwide Transfer Motion (as defined and discussed below) will be set forth in an exhibit thereto.

1  debtor in other districts."); *Hopkins v. Plant Insulation Co.*, 342 B.R. 703, 708 (D.

2  Del. 2006) ("Because the Flintkote bankruptcy is pending in the United States

3  Bankruptcy Court for the District of Delaware, [the Delaware District Court] has the

4  sole authority to determine the appropriate venue for the California Action which

5  alleges personal injury tort and wrongful death claims against, among others, the

6  non-debtor ITCAN."); *see also* 1 COLLIER ON BANKRUPTCY ¶ 3.06 (Richard Levin

7  & Henry J. Sommer eds., 16 ed.) ("Section 157(b)(5) provides that the venue of the

8  PITWD trial is to be determined by the district court in which the title 11 case is

9  pending. This unusual, perhaps unique, provision empowers a court other than that

10  in which the litigation is pending to decide where the trial is to take place.").

11       6.     Through the Nationwide Transfer Motion, and consistent with the

12  purpose of section 157(b)(5), the BSA seeks to consolidate the Pending Abuse

13  Actions in a single centralized forum in Delaware, where the Chapter 11 Cases are

14  pending, to allow for an efficient and equitable resolution of all Pending Abuse

15  Actions. *See Coker v. Pan Am. Corp. (In re Pan Am. Corp.)*, 950 F.2d 839, 845 (2d

16  Cir. 1991) ("[T]he manifest purpose of section 157(b)(5) was 'to centralize the

17  administration of the estate and to eliminate the multiplicity of forums for the

18  adjudication of parts of a bankruptcy case.'" (quoting *A.H. Robins Co.*, 788 F.2d at

19  1011)); *Hopkins*, 342 B.R. at 716 ("The purpose of Section 157(b)(5) is to centralize

20  the administration of the bankruptcy estate and eliminate having multiple forums

21  adjudicate different parts of the bankruptcy case.").

22       7.     By this Notice of Removal, the BSA removes the Action from the State

23  Court to this Court.  Such removal will facilitate the transfer of the Action to the

24  Delaware District Court, as part of the broader transfer and consolidation of all

25  Pending Abuse Actions pursuant to the Nationwide Transfer Motion.  Because the

26  Delaware District Court, in considering the Nationwide Transfer Motion, will have

27  the exclusive authority to fix the venue for the trial of the Pending Abuse Actions

28  (including the Action), the BSA respectfully submits that this Court should refrain

1  from taking any further action in this case, including any decisions with respect to

2  any motions to remand or abstain therefrom, pending the decision of the Delaware

3  District Court as to the appropriate venue for this Action. *See, e.g.*, *A.A. v. Society*

4  *of Jesus*, No. C09-00262 (MJP), 2009 WL 10676663, at *2 (W.D. Wash. May 7,

5  2009) (reserving ruling on motion to remand abuse related claims against non-

6  debtor defendant pending decision on 157(b)(5) transfer motion by district court in

7  which co-defendant's bankruptcy was pending); *George Junior Republic in Penn. v.*

8  *Williams*, 2008 WL 763304, at *5 (E.D. Pa. Mar. 19, 2008) (transferring removed

9  action to district court where bankruptcy case was pending because that court was in

10  the best position to evaluate whether remand was appropriate); *Whittingham v. CLC*

11  *of Laurel, LLC*, No. 2:06cv11-KS-MTP, 2006 WL 2423104, at *1 (S.D. Miss. Aug.

12  22, 2006) (denying motion for remand and/or abstention because "[o]ne venue needs

13  to manage the legal issues" and district court where bankruptcy case was pending

14  should consider such issues); *Wise v. Cypress Manor Care Center Inc.*, No. Civ. A.

15  05-1555, 2006 WL 149032, at *2 (W.D. La. Jan 19. 2006) ("Whether to abstain or

16  proceed, however, as with transfer under section 157(b)(5), is a question for the

17  district court in which the bankruptcy is pending, not this Court."); *In re Calumet*

18  *Nat'l Bank v. Levine*, 179 B.R. 117, 123 (N.D. Ind. 1995) (staying all proceedings to

19  allow 157(b)(5) motion to be presented to and decided by district court where

20  bankruptcy was pending).

21  **<u>GROUNDS FOR REMOVAL</u>**

22        8.      Removal of the Action is proper pursuant to 28 U.S.C. §§ 1334 and

23  1452(a).

24        9.      Section 1452(a), which governs the removal of civil actions related to a

25  bankruptcy case, such as the Action, provides:

26              A party may remove any claim or cause of action in a civil

27              action … to the district court for the district where such

28              civil action is pending, if such district court has

1          jurisdiction of such claim or cause of action under section

2          1334 of this title.

3   28 U.S.C. § 1452(a).

4          10.      Section 1334(b), in turn, provides in relevant part that "the district

5   courts shall have original but not exclusive jurisdiction of all civil proceedings

6   arising under Title 11, or arising in or related to cases under Title 11."  28 U.S.C. §

7   1334(b).  In enacting section 1334(b), "Congress intended to grant comprehensive

8   jurisdiction to the bankruptcy courts so that they might deal efficiently and

9   expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp.*

10  *v. Edwards*, 514 U.S. 300, 308 (1995).  Jurisdiction over a proceeding that is

11  "related to" a bankruptcy case, such as the Action is to the Chapter 11 Cases, is the

12  "broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price*

13  *Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see*

14  *also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) ("While 'related-

15  to' jurisdiction is not limitless, it is fairly capacious … ." (internal citations

16  omitted)); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir. 2015)

17  ("This 'related to' jurisdiction is 'extremely broad.'" (quotation omitted)); *Boston*

18  *Regional Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*, 410

19  F.3d 100, 106 (1st Cir. 2005) ("The statutory grant of 'related to' jurisdiction is

20  quite broad."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005)

21  ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every

22  matter directly or indirectly related to the bankruptcy." (internal quotations

23  omitted)); *Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re*

24  *Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) ("'Related

25  to' jurisdiction has been defined quite broadly."); *Lindsey v. O'Brien, Tanski,*

26  *Tanzer & Young Health Care Providers (In re Dow Corning)*, 86 F.3d 482, 489 (6th

27  Cir. 1996) ("[T]he emphatic terms in which the jurisdictional grant is described in

28  the legislative history, and extraordinarily broad wording of the grant itself, leave us

1    with no doubt that Congress intended to grant district courts broad jurisdiction in

2    bankruptcy cases."); *Coffey v. Anderson (In re PSLJ, Inc.)*, 873 F.2d 1440 (table)

3    (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction

4    over proceedings arising in or related to a title 11 case.").

5          11.    An action is "related to" a bankruptcy case where its outcome "could

6    conceivably have any effect on the estate being administered in bankruptcy."

7    *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir 1994).  An action satisfies the

8    "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities,

9    options, or freedom of action (either positively or negatively) and which in any way

10   impacts upon the handling and administration of the bankrupt estate."  *Id.*  The

11   Third Circuit has further clarified that such effects on the bankruptcy estate must be

12   the product of the related action itself, "without the intervention of yet another

13   lawsuit."  *See In re Federal-Mogul Glob., Inc.*, 300 F.3d 368, 382 (3d Cir. 2002).

14   The jurisdictional analysis for related-to jurisdiction "must be assessed at the outset

15   of the dispute, and it is satisfied when the resolution has a potential effect on other

16   creditors." *Bush v. United States*, 939 F.3d 839, 846 (7th Cir. 2019).[2]

17

18   _____

     [2] Because the BSA's bankruptcy case is currently pending before the Delaware
19   Bankruptcy Court, the BSA relies principally on the Third Circuit's interpretation of
20   section 1334(b)'s analysis of "related to" jurisdiction.  However, the "any
     conceivable effect" test developed by the Third Circuit in *Pacor* has been endorsed
21   by the United States Supreme Court and adopted by the vast majority of circuits
     "with little or no variation." *Celotex*, 514 U.S. at 308 n.6 (collecting cases); *see also,*
22   *e.g., SPV OSUS, Ltd.*, 882 F.3d at 340; *Estate of Jackson v. Schron (In re*
23   *Fundamental Long Term Care, Inc.)*, 873 F.3d 1325, 1336-37 (11th Cir. 2017); *Fire*
     *Eagle L.L.C. v. Bischoff (In re Spillman Dev. Grp., Ltd.)*, 710 F.3d 299, 304 (5th
24   Cir. 2013); *Waldman v. Stone*, 698 F.3d 910, 916 (6th Cir. 2012); *Love v. Federal*
25   *Deposit Ins. Corp. (In re George Love Farming, LC)*, 420 F. App'x 788, 792 n.2
     (10th Cir. 2011); *GAF Holdings, LLC v. Rinaldi (In re Farmland Indus., Inc.)*, 567
26   F.3d 1010, 1019 (8th Cir. 2009); *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486
27   F.3d 831, 836 (4th Cir. 2007); *Boston Regional Med. Ctr., Inc.*, 410 F.3d at 106;
28   *Dunmore v. United States*, 358 F.3d 1107, 1113 (9th Cir. 2004).  The Seventh

1       12.    Plaintiff's Complaint arises in, arises under, or is otherwise related to

2  the BSA's Chapter 11 Cases and is therefore removable under 28 U.S.C. § 1452(a)

3  because, *inter alia*:

4      •    In the Complaint, the Plaintiff asserts claims to recover monetary
   damages from the BSA, which constitute "claims" within the meaning

5      of § 101(5) of the Bankruptcy Code.  Specifically, the Complaint seeks
   damages based upon tortious actions or omissions allegedly committed

6      by the BSA and its officers, employees, agents or otherwise related
   parties.  Any recovery of such damages would necessarily diminish the

7      BSA's estate.[3]

8      •    The BSA and the non-debtor co-defendants named in the Complaint
   share an identity of interest such that a claim against the non-debtor co-

9      defendants is, in effect, a claim against the BSA's estate.  *See A.H.
   Robins Co. v. Picinnin*, 788 F.2d 994, 999 (4th Cir. 1986).

10

11     •    The BSA and the non-debtor co-defendants, in many instances, are
   parties to shared insurance.

12     •    The claims and allegations in the Complaint against the non-debtor co-
   defendants are inextricably intertwined with the claims and allegations

13     against the BSA such that the entire Action is "related to" the Debtors'
   Chapter 11 Cases.  The claims and allegations in the Complaint arise

14     out of a common nucleus of operative facts and raise substantially
   similar questions of law.  As one consequence, the BSA may be

15     compelled to participate in the litigation, notwithstanding the automatic
   stay, to protect its own interests. *See Union Tr. Phila., LLC v. Singer*

16     *Equip. Co. (In re Union Tr. Phila., LLC)*, 490 B.R. 644, 657 (E.D. Pa.
   2011) (finding related to jurisdiction over state law claims against non-

17     debtors where the debtor was at risk of being "bound to critical factual
   and legal issues determined in those proceedings by operation of

18     collateral estoppel").  Moreover, the continuation of the Action, even if
   stayed against the BSA, would likely require the BSA or its employees

19     to expend time and resources in responding to discovery requests and
   participating in depositions. *See Nevada Power Co. v. Calpine Corp.*

20     *(In re Calpine Corp.)*, 365 B.R. 401, 412 (S.D.N.Y. 2007) (enjoining
   actions against a non-debtor where the debtor "would suffer irreparable

21     harm if [a key employee] were distracted from his responsibilities in
   order to participate" in ongoing litigation).

22      13.    Accordingly, the entire Action, and not just the claims against the BSA,

23 is appropriately removed.

24

25 Circuit has articulated a slightly different test for "related to" jurisdiction; however,

26 a recent decision from that circuit indicates close alignment with the *Pacor* test. *See Bush*, 939 F.3d at 846.

27

28

**Procedural requirements for removal have been satisfied**

14.     Removal of the Action is timely pursuant to Bankruptcy Rule 9027(a)(2).  This Notice of Removal is being filed within ninety (90) days of the entry of the order for relief in the Chapter 11 Cases under the Code.  No order has been entered in the Chapter 11 Cases terminating the automatic stay with respect to any claim against the BSA.

15.     Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1). The State Court is located in the district and division of this Court.

16.     For purposes of Bankruptcy Rule 9027(a)(1), upon removal of the Action to the District Court, the BSA does not consent to the entry of final orders or judgment by this Court. Through the Nationwide Transfer Motion, the BSA will move for the Delaware District Court to fix the venue for the Action, and all Pending Abuse Actions, in the Delaware District Court.

17.     In accordance with Bankruptcy Rule 9027(a)(1), attached to this Notice of Removal as Exhibit A is a copy of the State Court case file for the above action, including all process, pleadings, and orders that have been filed, or entered by the State Court, in the Action.

18.     Promptly after the filing of this Notice of Removal, the BSA will serve on all parties to the Action and file with the clerk of the State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

19.     The BSA reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove the Action.

1   DATED:  February 18, 2020          SCHEPER KIM & HARRIS LLP
2                                      WILLIAM H. FORMAN
                                       AARON C. O'DELL
3

4

5                                      By: _____
6                                          Aaron C. O'Dell
                                           Attorneys for Defendants Boy Scouts of
7                                          America and Boy Scouts of America,
                                           California Inland Empire Council
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL